**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LEI WANG and DINGYUAN DINGUAN IMPORT & EXPORT CO., | Case No: _____ |
| Plaintiffs, | |
| v. | **Jury Trial Demanded** |
| CAPITAL ACQUISITIONS 4 LLC, | |
| Defendant. | |

**<u>COMPLAINT</u>**

Plaintiffs, Lei Wang ("Wang") and Dingyuan Dinguan Import & Export Co. ("DDIEC") (together "Plaintiffs"), by and through their undersigned attorneys, hereby complain of the Capital Acquisitions 4 LLC ("CA4" or "Defendant") as follows:

**NATURE OF THE CASE**

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. including 35 U.S.C. § 271. Plaintiffs seek, among other relief, damages and injunctive relief arising out of Defendants' infringement of U.S. Patent No. 12,220,617 ("the '617 Patent"). A true and correct copy of the '617 Patent is attached as Exhibit A.

**THE PARTIES**

2.      Plaintiff Wang is an individual who resides in China.

3.      Wang is the named inventor and owner of all right, title, and interest in the '617 Patent, which discloses and claims an illuminated rechargeable ball that can be recharged using a charging cable.

4.      Wang is also the CEO and 60% owner of DDIEC.

1

5.     Plaintiff DDIEC is a Chinese corporation with its principal place of business at Dingcheng Town Economic Development Zone, Dingyuan County,  17 Xinglong Road, Chuzhou City, Anhui, 233200 PRC.

6.     DDIEC is the sole licensee of the '617 Patent.

7.     Defendant CA4 is a Delaware Limited liability company. CA4 was formed anonymously and without disclosure of the identity of any of its members or its business address.

## JURISDICTION AND VENUE

8.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

9.     Personal jurisdiction is proper in this Court, as Defendant was incorporated in this district and, therefore, is deemed to reside in this district. On information and belief, Defendant has also placed infringing products into the stream of commerce by shipping those products into Delaware or knowing that the products would be shipped there. Moreover, on information and belief, Defendant has committed or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the patent at issue that have or will lead to foreseeable harm and injury to Plaintiffs, including within Delaware.

10.     Venue is proper in this Court under 28 U.S.C. § 1400(b).

## CLAIM FOR PATENT INFRINGEMENT (35 U.S.C. § 271)

11.     Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

12.     The '617 Patent discloses and claims an illuminated rechargeable ball that can be recharged using a charging cable.

13.     The '617 Patent is the product of Wang's extensive efforts to develop illuminated sports balls that can be recharged using wired charging, yet are durable, even under the conditions of outdoor use, and perform well.

14.     Wang, through DDIEC, manufactures and sells rechargeable illuminated balls, including footballs, basketballs, soccer balls, and volleyballs under the '617 Patent.

15.     Plaintiffs sell their illuminated ball products directly to U.S. consumers on Amazon.com ("Amazon") and other e-commerce platforms. Plaintiffs' direct-to-consumer products are sold in the U.S. under the MPMVP brand. Examples of Plaintiffs' direct-to-consumer products are pictured below.



16.     Plaintiffs also have several clients for which they manufacture the products for resale in the U.S. Plaintiffs' illuminated balls are currently sold in the U.S. under twelve private labels, both online and in nation-wide retail stores, such as Hobby Lobby.

17.     Defendant sells and has sold illuminated rechargeable balls under the HALO brand.

18.     Defendant, without authorization or license from Plaintiffs, has knowingly and willfully manufactured, offered for sale, sold, and imported into the United States for subsequent resale or use, illuminated rechargeable balls, including footballs, basketballs, and soccer balls, that directly infringe the '617 Patent (such products are hereinafter referred to as "the Accused Products").

19.     Examples of Defendant's Accused Products are pictured below.



20.    The Accused Products embody each and every limitation of independent Claim 1 of the '617 Patent as well as each and every limitation of dependent Claims 2, 3, and 4 of the patent.

21.    Defendant has further infringed the '617 Patent by inducing purchasers of Defendant's products to use the Accused Products.

22.    Defendant was aware of the '617 Patent at least as early as September 24, 2025, when Wang submitted an infringement report to Amazon for delivery to Defendant, along with a demand to Defendant that it either agree to participate in Amazon's patent infringement dispute resolution program (APEX) or have its infringing products removed from the Amazon platform. Amazon subsequently confirmed its delivery of the report and APEX demand to Defendant.

23.    On information and belief, Defendant was aware of the '617 Patent prior to Amazon's sending the infringement report and APEX demand to Defendant.

24.    Defendant was also aware that use of the Accused Products would infringe the '617 Patent. The Accused Products are the preferred embodiment of '617 Patent, and the limitations of Claims 1 through 4 of the '617 Patent plainly read on the Accused Products.

25.    As a result of Defendant's active encouragement and instruction to purchasers of the Accused Products, such purchasers have, in fact, used the Accused Products and thereby infringed the '617 Patent. Such use is evident at least from online consumer reviews reflecting use of the Accused Products.

26.     Defendant therefore has actively encouraged purchasers of the Accused Products to infringe the '617 Patent, knowing that their use of the products would constitute infringement, resulting in direct infringement of the '617 Patent by such purchasers.

27.     As a direct and proximate result of Defendant's direct and induced infringement, Plaintiffs have suffered irreparable harm and monetary and other damages in an amount to be determined. The damage and irreparable harm stemming from Defendant's infringement include loss of Plaintiffs' lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention, as well as loss of market share, harm to and erosion of goodwill, and lost sales.

28.     Defendant's infringement has been and continues to be willful. Accordingly, Plaintiffs are entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

29.     Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendant is preliminarily and permanently enjoined by this Court from continuing its infringement of the '617 Patent, Plaintiffs will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

30.     Plaintiffs are entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully seek the following relief against Defendant:

A.     That Judgment be entered against Defendant finding that it has infringed upon U.S. Patent No. 12,220,617.

B.     A preliminary and permanent injunction enjoining, restraining, and ordering

Defendant, and its officers, agents, servants, attorneys, and other persons who are in active concert or participation with Defendant:

1.  To cease making, using, offering for sale, selling and/or importing into the United States for sale or use any products that infringe upon U.S. Patent No. 12,220,617;

2.  To cease aiding, abetting, inducing, contributing to, or otherwise assisting anyone in infringing upon U.S. Patent No. 12,220,617; and

3.  As to Defendant and anyone in possession of any monies or assets belonging or owed to Defendant who are given notice of the order, to preserve and prevent the transfer or removal of any inventory of accused products, monies, or other assets from such accounts or places where the assets are located.

C.      Entry of an Order that, upon Plaintiffs' request, those with notice of the injunction, including, without limitation, any online marketplace platforms or distributors shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe U.S. Patent No. 12,220,617.

D.      A finding that Defendant's infringement of U.S. Patent No. 12,220,617 has been willful.

E.      Damages for such infringement in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs.

F.      Judgment awarding Plaintiffs treble damages under 35 U.S.C. § 284 for Defendant's willful infringement of U.S. Patent No. 12,220,617.

G.      A finding that this case is exceptional under 35 U.S.C. § 285.

H.      Plaintiffs' attorneys' fees and costs.

I.      Any and all other relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable.

Dated: November 26, 2025

Respectfully submitted,

**AMBURN LAW LLC**

/s/ David Holloway
David Holloway (Bar ID #5762)
1504 N. Broom St., Suite 1
Wilmington, DE 19806
dholloway@amburnlaw.com
(302) 285-9485

*Counsel for Plaintiffs*